UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
         -v-                                                      :      20 Cr. 609 (JPC)
                                                                  :
DANIEL SPIEGELMAN,                                                :      OPINION AND ORDER
                                                                  :
                        Defendant.                                :
                                                                  :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Defendant Daniel Spiegelman, a federal inmate, seeks an early release from prison primarily because of the COVID-19 pandemic.  On December 9, 2010, the Honorable Richard J. Sullivan, then-United States District Judge, sentenced Spiegelman to forty-four months' imprisonment and five years of supervised release after Spiegelman was convicted of bank fraud, aggravated identity theft, and possession of false identification documents.  Dkt. 14 (PSR) ¶¶ 7-8.  On October 4, 2012, toward the end of that sentence, Spiegelman left a reentry facility in the Bronx without authorization and failed to return.  *Id.* ¶ 10.  Nearly eight years later, on September 20, 2020, he was apprehended by the United States Marshals Service.  *Id.* ¶ 11.

      On November 13, 2020, Spiegelman waived indictment and pleaded guilty to an information that charged him with escape from federal custody, in violation of 18 U.S.C. §§ 751(a), 4082(a).  Dkts. 6, 7.  On February 19, 2021, the Court sentenced Spiegelman to a term of imprisonment of twelve months and one day, to be followed by three years of supervised release, a downward variance from the advisory Guidelines range of fifteen to twenty-one months' imprisonment.  Dkt. 18 at 2; Dkt. 20 at 18-19, 55.  Spiegelman is currently incarcerated at the Federal Correctional Institute in Danbury, Connecticut, and has a projected release date of October

23, 2022. Dkt. 25 ("Opposition") at 1; *see also* https://www.bop.gov/inmateloc/ (last visited Apr. 19, 2022).

On January 23, 2022, Spiegelman moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 23 ("Motion"). Spiegelman seeks "a small reduction of [his] current sentence under the provisions of the CARES Act or compassionate release." *Id.* at 1. As grounds for the relief, Spiegelman first cites his time in custody since his arrest on September 20, 2020— which, according to Spiegelman, includes his twelve-month and one-day sentence in this case, twelve months lost from a possible sentence reduction for his prior conviction on account of his escape, and approximately three months that remain on that prior sentence. *Id.* Second, Spiegelman points to the prison conditions during his confinement, including conditions resulting from the COVID-19 pandemic, which have allegedly entailed lockdowns, unsanitary conditions, inmate illnesses, and poor ventilation. *Id.* at 2-5. Spiegelman further explains that he is requesting a sentence reduction that would equal his "otherwise authorized period of home detention," which would commence six months before his projected release date of October 23, 2022. *Id.* at 2 (capitalization changed); *see also id.* at 5 ("All I'm asking for is a small reduction of my sentence as a 'substitute' for the administrative denial of home confinement or halfway house.").[1] The Government opposed the Motion on February 25, 2022.

Under 18 U.S.C. § 3582(c)(1)(A), defendants may seek compassionate release from prison. *United States v. Thomas*, No. 15 Cr. 667 (KPF), 2020 WL 6364677, at *3 (S.D.N.Y. Oct. 29,

---

[1] Spiegelman contends that the Bureau of Prison ("BOP") denied his request for "placement on home confinement or a halfway house." Motion at 1. The Government confirmed with BOP "that the defendant was denied home confinement in July 2021." Opposition at 2. The Government further learned, as discussed below, that the BOP has no record of Spiegelman requesting a reduction of his sentence, *id.*, and Spiegelman does not assert that he did so, *see generally* Motion.

2020). After the First Step Act, district courts now face two questions in resolving these motions: (1) whether extraordinary and compelling circumstances merit reducing the sentence and (2) whether the applicable section 3553(a) factors warrant the reduction. *See United States v. Pabon*, No. 17 Cr. 312 (JPC), 2021 WL 603269, at *2 (S.D.N.Y. Feb. 16, 2021). In considering compassionate release motions, the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 no longer limits district courts. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Instead, courts may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id.*

To justify compassionate release, the defendant must "show that he is eligible for and deserving of compassionate release." *United States v. Newton*, No. 18 Cr. 373 (RJS), 2021 WL 321847, at *2 (S.D.N.Y. Feb. 1, 2021). But even if a defendant makes that showing, "[a] court is not required to reduce a sentence on compassionate release grounds" because the decision "rests in the discretion of the court." *United States v. Gotti*, 433 F. Supp. 3d 613, 619 (S.D.N.Y. 2020).

As dispositive here, an incarcerated defendant may move for compassionate release or otherwise for a reduction in his or her sentence only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This "exhaustion requirement is a claim-processing rule that may be waived or forfeited by the government." *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (per curiam).

Here, the Government contends that BOP records reflect that Spiegelman did not request compassionate release, or otherwise seek a reduction of his sentence, through the administrative process, and Spiegelman does not contend differently. Instead, as noted above, Spiegelman alleges

only that he unsuccessfully requested to serve out his sentence in "home confinement or a halfway house," Motion at 2, and requests that this Court reduce his "sentence as a 'substitute' for the administrative denial of home confinement or a halfway house," *id.* at 5. But placement in home confinement does not entail a reduction of an inmate's sentence. *See, e.g.*, 18 U.S.C. § 3624(c)(1) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment serve a portion of the final months of that term . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry."); *see also id.* § 3624(c)(2) ("The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."). Because Spiegelman "bears the burden of . . . establishing . . . that he exhausted administrative remedies in pursuing [a] sentence reduction," and has failed to do so, his Motion is denied. *United States v. Ruiz*, No. 10 Cr. 74 (JFB), 2022 WL 493389, at *1 (E.D.N.Y. Feb. 16, 2022); *accord United States v. Awulye*, No. 13 Cr. 875 (RJS), Dkt. 114 at 2 (S.D.N.Y. Mar. 28, 2022) (denying a motion for compassionate release when "[t]he government . . . represent[ed] that it had no record" of exhaustion and the defendant did "not submit[] any proof" of exhaustion").

The Court's denial of Spiegelman's motion for compassionate release is without prejudice. He may renew his request after complying with section 3582(c)(1)(A)'s administrative exhaustion requirements with respect to a reduction of his sentence. The Clerk of the Court is respectfully directed to terminate the motion pending at Docket Number 23 and to mail a copy of this Order to Defendant Daniel Spiegelman.

SO ORDERED.

Dated: April 20, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge

4