UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                              :

UNITED STATES OF AMERICA,          :

                                         :                  20 Cr. 609 (JPC)

               -v-                      :

                                         :             OPINION AND ORDER

DANIEL SPIEGELMAN,              :

                            Defendant.      :

                                         :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Defendant Daniel Spiegelman is a federal inmate who moves, *pro se*, for compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes Spiegelman's motion. For the reasons that follow, the Court finds that Spiegelman has failed to show "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i). Further, several section 3553(a) factors weigh against releasing Spiegelman early from prison. The Court therefore denies Spiegelman's motion for compassionate release.

## I.      Background

      On December 9, 2010, the Honorable Richard J. Sullivan, then-United States District Judge, sentenced Spiegelman to forty-four months' imprisonment and five years of supervised release after Spiegelman was convicted of bank fraud, aggravated identity theft, and possession of false identification documents. Dkt. 14 ("PSR") ¶¶ 7-8. On October 4, 2012, toward the end of that sentence, Spiegelman left a reentry facility in the Bronx without authorization and failed to return. *Id.* ¶ 10. Nearly eight years later, on September 20, 2020, he was apprehended by the

United States Marshals Service.  *Id.* ¶ 11.

On November 13, 2020, Spiegelman waived indictment and pleaded guilty to an information that charged him with escape from federal custody, in violation of 18 U.S.C. §§ 751(a), 4082(a).  Dkts. 6-8, 20 at 13.  On February 19, 2021, the Court sentenced Spiegelman to a term of imprisonment of twelve months and one day, to be followed by three years of supervised release, a downward variance from the advisory Guidelines range of fifteen to twenty-one months' imprisonment.  Dkt. 18 at 2; Dkt. 20 at 18-19, 55.  Spiegelman currently is incarcerated at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), and has a projected release date of October 23, 2022.  Dkt. 25 at 1; *see also* https://www.bop.gov/inmateloc/ (last visited Aug. 24, 2022).

On January 23, 2022, Spiegelman moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Dkt. 23.  The Government opposed the motion on February 25, 2022 on the basis that Spiegelman failed to exhaust his administrative remedies.  Dkt. 25.  On April 20, 2022, the Court denied Spiegelman's motion without prejudice, and permitted him to "renew his request after complying with section 3582(c)(1)(A)'s administrative exhaustion requirements with respect to a reduction of his sentence."  Dkt. 26 at 4.  On June 13, 2022,  Spiegelman renewed his request for compassionate release, which attaches a May 31, 2022 letter from Warden T. Pullen denying Spiegelman's request for a sentence reduction because he failed to demonstrate extraordinary or compelling reasons.  Dkt. 27 ("Motion") at 13-15.  Specifically, Warden Pullen found that Spiegelman had "not shown evidence of a debilitating medical condition," was "not being treated for any chronic medical conditions," and was not "prescribed any medications."  *Id.* at 13.  Warden Pullen also noted that Spiegelman's "medical needs continue to be well managed by FCI Danbury" and "[t]he [Bureau of Prisons] is taking extraordinary measures to contain the spread of COVID-

19 and treat any affected inmates." *Id.*

In his Motion, Spiegelman argues that a reduction of his sentence is warranted because the Court at sentencing "had not foreseen or taken into account" the conditions of his imprisonment at FCI Danbury, which include overcrowding, lack of proper sanitation and nutrition, poor air ventilation, possible presence of asbestos in the ceiling surface, and a failure to properly socially distance inmates. *Id.* at 2, 4, 7-8. Spiegelman contends that these conditions have "adversely affected [his] moral and emotional state in addition to causing [him] frequent physical illness," including respiratory conditions. *Id.* at 9. On July 19, 2022, the Government opposed the Motion on the grounds that Spiegelman has not identified extraordinary and compelling reasons justifying his early release and the 18 U.S.C. § 3553(a) factors weigh against reducing his sentence. Dkt. 29 ("Opposition") at 4-6.

## II.     Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), defendants may seek compassionate release from prison. *United States v. Thomas*, No. 15 Cr. 667 (KPF), 2020 WL 6364677, at *3 (S.D.N.Y. Oct. 29, 2020). After the First Step Act, district courts now face two questions in resolving these motions: (1) whether extraordinary and compelling reasons merit reducing the sentence and (2) whether the applicable section 3553(a) factors warrant the reduction. *See United States v. Pabon*, No. 17 Cr. 312 (JPC), 2021 WL 603269, at *2 (S.D.N.Y. Feb. 16, 2021). In doing so, the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 no longer limits district courts. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Instead, courts may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id.*

To justify compassionate release, the defendant must "show that he is eligible for and

deserving of compassionate release." *United States v. Newton*, No. 18 Cr. 373 (RJS), 2021 WL 321847, at *2 (S.D.N.Y. Feb. 1, 2021).  But even if a defendant makes that showing, "[a] court is not required to reduce a sentence on compassionate release grounds" because the decision "rests in the discretion of the court." *United States v. Gotti*, 433 F. Supp. 3d 613, 619 (S.D.N.Y. 2020).

### III.    Discussion

#### A.  Extraordinary and Compelling Reasons

Spiegelman seeks early release from imprisonment primarily due to allegedly poor living conditions at FCI Danbury, which have caused him "moral, emotional and physical injuries." Motion at 2.  As a result of these conditions, Spiegelman contends that he has suffered from respiratory illnesses on several occasions.  *Id.* at 8-9.  None of these circumstances, however, constitutes an extraordinary and compelling reason that merits a sentence reduction.

To start with, "[m]any courts have found that the risks posed by the COVID-19 pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease." *United States v. Rollins*, No. 13 Cr. 362 (JPC), 2021 WL 4664923, at *2 (S.D.N.Y. Oct. 6, 2021) (cleaned up).  Here, Spiegelman appears to be a healthy fifty-eight-year-old male with no reported underlying or persistent health conditions.  *See* Opposition, Exh. A at 9 (medical records noting that Spiegelman denies suffering from diabetes, cardiovascular conditions, hypertension, or respiratory conditions, among other conditions).  He has also been vaccinated for COVID-19 and does not appear to fall within any of the high-risk groups for COVID-19.  *Id.* at 92.  And while Spiegelman contends that he suffered from respiratory illnesses on several occasions due to poor ventilation at FCI Danbury, as the Government points out, Spiegelman's "extensive medical records . . . do not reflect any such recurrent illness."

4

Opposition at 4; *see also* Motion at 13 (Warden Pullen finding that Spiegelman has "not shown evidence of a debilitating medical condition" and "[a] review of [Spiegelman's] current medical records indicates that [he is] not being treated for any chronic medical conditions nor [is he] prescribed any medications").

Nor do the allegedly poor living conditions at FCI Danbury constitute extraordinary and compelling reasons.  *See United States v. Sanchez*, No. 21 Cr. 97 (LTS), 2022 WL 2953912, at *3 (S.D.N.Y. July 26, 2022) (concluding that "the poor conditions at Fort Dix (such as overcrowding, poor sanitation practices, and the mixing of vaccinated and unvaccinated populations)," among other circumstances, "do not rise to the level of extraordinary and compelling"); *United States v. Farmer*, No. 19 Cr. 427 (LTS), 2022 WL 47517, at *4 (S.D.N.Y. Jan. 5, 2022) ("[G]eneralized statements about the conditions of confinement do not constitute compelling reasons for compassionate release."); *United States v. Miller*, No. 16 Cr. 570 (ARR), 2020 WL 5260210, at *3 (E.D.N.Y. May 8, 2020) (finding that "cramped living conditions, poor sanitation, and insufficient COVID-19 precautionary measures in the MDC, which can allow infection to spread rapidly," do not constitute extraordinary and compelling reasons in light of the defendant's age and lack of preexisting conditions).

In sum, the Court has considered all the reasons mentioned above and any others that Spiegelman raises in passing in his motion papers and finds that no extraordinary or compelling reason justifies releasing him early from prison.

## B.  Section 3553(a) Sentencing Considerations

But even if Spiegelman had shown "extraordinary and compelling reasons" for compassionate release, the Court would still deny his motion because the section 3553(a) factors weigh against his early release from prison.  The following section 3553(a) factors in particular

warrant keeping Spiegelman's sentence of imprisonment intact: (1) "the nature and circumstances of the offense," (2) the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (3) the need "to afford adequate deterrence to criminal conduct," and (4) the need "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(1), (2)(A)-(C).

As previously mentioned, Spiegelman was convicted of bank fraud, aggravated identity theft, and possession of false identification documents, for which he was sentenced to forty-four months' imprisonment and five years of supervised release.  PSR ¶¶ 7-8.  On October 4, 2012, while serving that sentence, Spiegelman escaped from a reentry facility and was apprehended by federal authorities nearly eight years later.  *Id.* ¶¶ 10-11.  He subsequently pleaded guilty to escaping from federal custody.  At sentencing, the Court observed Spiegelman's "troubling history" and his "unwillingness to abide by the law . . . for much of his adult life."  Dkt. 20 at 51.  The Court, however, also noted that "many of [Spiegelman's] offenses occurred sometime ago" and he has not had additional arrests in the past eight years.  *Id.*

In determining an appropriate sentence, the Court also considered that Spiegelman's "present incarceration has occurred during the pandemic" and "his conditions of confinement have been in many ways considerably worse than what inmates typically would face under so-called normal times."  *Id.* at 53.  Indeed, the Court expressly acknowledged that "[t]he reality of the current prison life during the pandemic, which Mr. Spiegelman has experienced for the past four months, has made those months harsher than they otherwise would have been for the defendant."  *Id.* at 54.  Taking all of these factors into consideration, the Court sentenced Spiegelman to a term of imprisonment of twelve months and one day, to be followed by three years of supervised release, below the advisory Guidelines range of fifteen to twenty-one months' imprisonment.  Dkt. 18 at

2; Dkt. 20 at 18-19, 55.  Thus, even though Spiegelman seeks only a two-month reduction of his term of imprisonment, the section 3553(a) factors compel the conclusion that Spiegelman should not be released early from his already below-Guidelines sentence.  Any reduction would undermine the important interests that the Court recognized at sentencing, including the seriousness of Spiegelman's crime, as well as the need for just punishment of the offense and for deterrence.

### IV.    Conclusion

For the above reasons, the Court denies Spiegelman's motion for compassionate release. The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to Defendant Daniel Spiegelman and note service on the docket.

SO ORDERED.

Dated: August 24, 2022
       New York, New York

_____
            JOHN P. CRONAN
       United States District Judge

7