UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                              :
UNITED STATES OF AMERICA                 :
                                              :
        -v-                                 :
                                              :          20 Cr. 609 (JPC)
DANIEL SPIEGELMAN,                     :
                                              :              ORDER
                        Defendant.          :
                                              :
---------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       Presently, Defendant Daniel Spiegelman, a/k/a/ Daniel Kikabidze, is concurrently serving two three-year terms of supervised release imposed in this case and in *United States v. Spiegelman*, 10 Cr. 339, each of which is assigned to the undersigned. A standard condition of supervised release, which was imposed in each of those two cases, *see* Dkt. 18 at 4; *United States v. Spiegelman*, 10 Cr. 339 (S.D.N.Y. Dec. 13, 2010), ECF 13 at 3, prohibits Mr. Kikabidze from leaving the judicial district of his supervision without the permission of either his probation officer or the Court. Consequently, on November 7, 2022, Mr. Kikabidze filed a letter seeking permission to travel outside the Southern District of New York to the Russian Federation for the purpose of relinquishing his U.S. citizenship. Dkt. 31 ("Motion") at 2. On November 30, 2022, the Government filed a letter opposing Mr. Kikabidze's request, Dkt. 33 ("Gov't Opp."), and on December 13, 2022 he replied, Dkt. 34.

       Due to the unusual nature of Mr. Kikabidze's request, on January 20, 2023, pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, the Court appointed John Zach to serve as counsel to Mr. Kikabidze in connection with his request to travel abroad. Dkt. 35. On January 27, 2023, however, Mr. Kikabidze wrote a letter to the Court that "reject[ed] the appointment of this or any other counsel as being detrimental to his legal interests and respectfully request[ed] the Court to

adjudicate the Motion as it presently stands." Dkt. 36.  Accordingly, Mr. Zach is relieved as counsel for Mr. Kikabidze.  The Clerk of Court is respectfully directed to terminate Mr. Zach's representation in this matter.

The Government's initial letter in opposition only briefly addressed certain issues relevant to the Court's resolution of Mr. Kikabidze's request, including the risk of his absconding from supervision.  The Government is ordered to submit supplemental briefing addressing the following two topics.  First, Mr. Kikabidze's initial letter justified his request to travel abroad in part on the grounds that the only method by which he may "exercise his statutory right to relinquish his U.S. citizenship," Motion at 2, would occur at "a U.S. diplomatic post abroad, where the potential renunciant must present himself in person to sign various forms, be interviewed, and take a r[e]nunciation oath," *id.* at 1; *see also id.* at 2 (quoting 8 U.S.C. § 1481(a)).  In its supplemental briefing, the Government should respond to this argument, addressing both whether there exist any authorities under which the Government could prevent Mr. Kikabidze from exercising his right to renounce his citizenship and whether Mr. Kikabidze is correct that he cannot renounce his citizenship except by travelling abroad.  Second, as noted, the Government's initial letter argued against granting Mr. Kikabidze's request largely by pointing to the risk of flight that he poses. Gov't Opp. at 2-3.  Mr. Kikabidze's filings, however, suggest that he wishes no longer to reside in the United States and, therefore, would presumably remain in Russia following the renunciation of his citizenship.  *See, e.g.*, Motion at 2 ("The Petitioner, fluent in the Russian language, wishes to redeem his cultural identity and the citizenship of his birthright in the Russian Federation.  The Petitioner has never identified himself as an American, never maintained social or cultural ties in this country, [and] now wishes to formally and irrevocably sever any and all association with the United States of America.").  In light of his stated reasons for seeking permission to travel and his indicated plans for that travel, the Government's supplemental briefing should address whether

granting Mr. Kikabidze's request would undermine the purposes of his supervised release, particularly the purposes of reintegrating him back into the community and protecting the public from further crimes he might commit, on the assumption that he would remain in Russia after renouncing his U.S. citizenship.

The Government's supplemental brief shall be filed by February 13, 2023, and a courtesy copy should also be served on Mr. Kikabidze by e-mailing it to dkikabidze@protonmail.com. Mr. Kikabidze may reply by February 20, 2023.

SO ORDERED.

Dated: January 30, 2023
New York, New York

JOHN P. CRONAN
United States District Judge